[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14492
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00166-CG-C

ANTONIO LOVE,

                                                        Plaintiff - Appellant,

versus

CITY OF MOBILE, et al.,

                                                        Defendants,

LIEUTENANT KEVIN RODGERS,
OFFICER JOE COTNER,

                                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 20, 2012)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Antonio Love appeals the district court's decision to grant summary judgment as to his claim of excessive force against Joe Cotner and as to his claim of false arrest against Kevin Rodgers. After careful review, we affirm.

Love's excessive force claim rests on Cotner's decision to use a taser against him during the incident in question, which took place on July 24, 2009. Love's brief cites only one of our decisions, Brown v. City of Huntsville, Ala., 608 F.3d 724 (11th Cir. 2010), to suggest that Fourth Amendment law at the time in question clearly proscribed Cotner's conduct. But we decided Brown in 2010, after the incident about which Love complains. Thus, Brown could not have "put [Cotner] on notice that his conduct would be clearly unlawful." Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (quotation marks and emphases omitted).

As for his false arrest claim, Love argues that there is a genuine issue of fact regarding whether Rodgers had arguable probable cause to arrest him, and thus whether he was entitled to qualified immunity. See Holmes v. Kucynda, 321 F.3d 1069, 1079 (11th Cir. 2003) (noting that qualified immunity to a claim of false arrest is warranted if an officer had arguable probable cause to make the arrest).

2

However, it is undisputed that during the incident in question, Love failed to obey several of the officers' orders. Thus, the record unambiguously shows that Rodgers could have reasonably believed that Love was in violation of Mobile City Code § 39-54, which makes it a crime "for any person to fail to obey the direction or order of [a police officer] while . . . acting in an official capacity."

The district court did not err in concluding that, on this record, Cotner and Rodgers were entitled to qualified immunity. We therefore affirm its grant of summary judgment.

**AFFIRMED.**